**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY L. BIERLEY, | ) | |
|           **Plaintiff,** | ) | **Civil Action No. 05-07** |
| | ) | **District Judge McLaughlin** |
| v. | ) | **Magistrate Judge Baxter** |
| | ) | |
| JOANNE BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
|           **Defendant.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is recommended that Defendants' partial motion to dismiss [Document # 7] be granted.

### II     REPORT

#### A.    Relevant Procedural Background

Plaintiff Harry Bierley, acting *pro se*,  brings this action alleging various theories of recovery.  Among other things, Plaintiff requests review of his social security case, in that he claims that he does not owe any overpayment to the Social Security Administration.  Plaintiff also claims that his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments have been violated by Defendant Commissioner Barnhart in the context of the agency's decision-making process  "... in that review was not predicated on proper criteria relating to whether or not the claimant was qualified for Social Security benefits during the time period for which overpayment is claimed."  Document # 1, ¶ 9.

Defendant has filed a partial motion to dismiss requesting dismissal of Plaintiff's civil

1

rights claims.[1]

**B.     Standards of Review**

     **1.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different.  At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no

_____

    [1]   Despite an interlocutory appeal, this Court will forge ahead with the pending motions in this case.  See Mondrow v. Fountain House, 867 F.2d 798 (3d Cir. 1989); Sheet Metal Workers International v. Herre Brothers, Inc., 198 F.3d 391, 394 (3d Cir. 1999).

> presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891.   Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 2.      Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C.      Sovereign Immunity and the claims against Defendant in her official capacity

Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A lawsuit against a federal agency is a suit against the

United States for purposes of sovereign immunity (<u>Blaise v. Kaplan</u>, 852 F.Supp. 268, 277 (D.N.J. 1994) and a suit against "a federal officer in her official capacity is actually a suit against the United States."  (<u>Kentucky v. Graham</u>, 473 U.S. 159, 163 (1985)).  To the extent that Plaintiff raises constitutional claims against Defendant Barnhart in her official capacity as a federal officer, they should be dismissed for lack of subject matter jurisdiction.


**D.      Respondeat Superior and the claims against Defendant in her individual capacity**

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  <u>Id.</u> quoting <u>Brown v. Grabowski</u>, 922 F.2d 1097, 1120 (3d Cir. 1990), <u>cert</u>. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>see</u> <u>also</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff has not alleged any activity by Defendant Barnhart personally, but instead only seeks to hold her liable for the actions of administrative law judges within her agency.  As such, Plaintiff has failed to state a constitutional claim against Defendant Barnhart in her individual capacity and the claims should be dismissed.

**III.    CONCLUSION**

For the foregoing reasons, this Court recommends that Defendants' partial motion to dismiss [Document # 7] be granted.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2005