IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY L. BIERLEY,<br>        Plaintiff,<br><br>v.<br><br>JOANNE BARNHART,<br>Commissioner of Social Security,<br>        Defendant. | Civil Action No. 05-07<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is recommended that Plaintiff's motion for summary judgment [Document # 13] be denied and Defendant's motion for summary judgment [Document # 17] be granted.

**II     REPORT**

    **A.     Relevant Background**

Plaintiff Harry Bierley, acting *pro se*, brings this action alleging various theories of recovery. Among other things, Plaintiff requests review of his Social Security case, in that he claims that he does not owe any overpayment to the Social Security Administration. Plaintiff also claims that his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments have been violated by Defendant Commissioner Barnhart in the context of the agency's decision-making process "... in that review was not predicated on proper criteria relating to whether or not the claimant was qualified for Social Security benefits during the time period for which overpayment is claimed." Document # 1, ¶ 9.

1

Plaintiff and Defendant have filed cross motions for summary judgment[1] and this matter is ripe for disposition by this Court.[2]

### B.    Relevant Procedural History

On August 27, 1997, Plaintiff was notified by the Social Security Commission that he had been overpaid disability benefits from August 1993 through August 1994. R. 72. Plaintiff requested that recovery of the overpayment be waived.[3] Following a personal conference, the Agency determined that Plaintiff was not entitled to a waiver of the recovery of overpayment. R. 33.

Plaintiff requested a hearing on the waiver determination.[4] The ALJ held a hearing on November 4, 2003, at the Plaintiff's request. Plaintiff represented himself at the hearing and testified on his own behalf. R. 91-101. On December 18, 2003, the ALJ issued a decision denying Plaintiff's request for waiver of the recovery of overpayment. R. 23-25. Plaintiff filed

---

[1] Defendant has filed a partial motion to dismiss requesting dismissal of Plaintiff's civil rights claims. A separate Report and Recommendation is issued as to that motion to dismiss.

[2] Despite an interlocutory appeal, this Court will forge ahead with the pending motions in this case. See Mondrow v. Fountain House, 867 F.2d 798 (3d Cir. 1989); Sheet Metal Workers International v. Herre Brothers, Inc., 198 F.3d 391, 394 (3d Cir. 1999).

[3] The regulations implementing the Act set forth the administrative process governing a request for waiver of an overpayment recovery. 20 C.F.R. § 404.506 (2004). The regulations provide that when a request for waiver cannot be approved after an initial review, the individual is afforded an opportunity for a file review and a personal conference. 20 C.F.R. § 404.506(c) - (f). Following the personal conference, the Agency issues a written decision to the individual specifying the findings of fact and conclusions in support of the decision to approve or deny the waiver, and advising of the individual's's right to appeal the decision. 20 C.F.R. § 404.506(g). After an initial determination denying a waiver of recovery of an overpayment, an individual may request a hearing before an administrative law judge pursuant to 20 C.F.R. § 404.930(a)(6).

[4] On April 26, 2001, the Appeals Council remanded his case for reconsideration regarding the facts and the amount of overpayment and decided to forward Plaintiff's request for hearing regarding the waiver issue. R. 65-66. On September 10, 2002, the Agency determined that its prior decision regarding the amount of overpayment was correct. R. 70-71.

an appeal to the Appeal's Council which denied his request for further review of the matter.

Thereafter, Plaintiff, acting *pro se*, filed the instant action.

### C.    Review

The Social Security Act provides limited judicial review of a final decision of the Commissioner (effectively that of the ALJ where, as in this case, the Appeals Council has denied the applicant's request for review). In reviewing the Commissioner's decision, this Court may not decide facts anew, reweigh the evidence, or substitute this Court's judgment for that of the Commissioner or, by extension, the ALJ. See Herron v. Shalala, 913 F.3d 329, 333 (7th Cir. 1994). Rather, this Court must affirm a decision if it is supported by substantial evidence and the ALJ has made no error of law. 42 U.S.C. § 405(g); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); Price v. Barnhart, 129 Fed.Appx. 699 (3d Cir. April 29, 2005) (applying substantial evidence standard to waiver of overpayment determinations by the Commissioner). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Pierce v. Underwood, 487 U.S. 552, 564-65 (1988) quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). See also Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

The Commissioner is required by the law to recover overpayments from Social Security beneficiaries who are not without fault in causing the overpayments. 42 U.S.C. §§ 401(c), 404(a). In order to obtain a waiver of the recovery of overpayment, it is a plaintiff's burden to demonstrate: 1) that he was without fault[5], and 2) that recovery of the overpayment would defeat the purpose of title II or would be against equity and good conscience.[6] 42 U.S.C. § 404 (b).

---

[5] The regulations define fault as "whether the facts show that the incorrect payment to the individual ... resulted from: (c) acceptance of a payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507.

[6] If the Commissioner determines that a claimant is at fault under the first prong, there is no need to make a determination on the second prong. Garnett v. Sullivan, 905 F.2d 778, 782 (4th Cir. 1990).

In rejecting Plaintiff's request for waiver, the ALJ decided:

> At the hearing on November 4, 2003, the claimant testified that he was confined to the State Correctional Institution at Mercer, Pennsylvania from August 23, 1990 until August 1994, and that he was transferred from that prison to Warren State Hospital until his final release on December 2, 1994. He thus did not contest the Social Security Administration's findings regarding his confinement, but he repeated his assertion that he was wrongly imprisoned and therefore should be entitled to Social Security benefits for the period of his incarceration.
>
> Under state law, a person convicted of a crime can seek relief through direct appeal and via collateral attack under the Post-Conviction Relief Act, 42 Pa. Cons. Stat. 9541 et seq. Nothing in the record before the Administrative Law Judge shows whether the claimant took action to initiate either a direct or a collateral attack on his conviction, but whether he did or not is irrelevant to determination of the matter before the Administrative Law Judge. The fact is that the claimant was confined to a correctional facility pursuant to conviction for an act that is defined under State law as a felony. The claimant has not proffered evidence to show that an appellate Court of competent jurisdiction reversed his conviction. Social Security Administration records confirm that payment was made for months from August 1993 to August 1994 despite the claimant's incarceration. Under 20 C.F.R. 404.468, the clamant was not entitled to be paid. Therefore, the issue of whether the clamant was overpaid is conclusively determined, and the Administrative Law Judge upholds the determinations below on that point.
>
> Turning to the issue of waiver, the Administrative Law Judge notes first that issues of ability to repay and of equity and good conscience do not arise unless and until the claimant demonstrates that he was without fault in causing and accepting the overpayment. In the instant case, the overpayment was caused by administrative error, as evidence concerning the claimant's incarceration was in possession of the Social Security Administration. The claimant, however, had an affirmative duty to see to it that any payment he received was actually due. The Social Security Administration's notices told him of the nonpayment provisions, and told him as well that no payment should be made for periods of imprisonment. The claimant did not question the resulting payment, even though it was erroneous on its face. The claimant therefore did not exercise due care and the Administrative Law Judge finds that he was at fault in accepting the payments at issue. Therefore, I do not reach issues of financial resources or equity because the claimant has not met the threshold showing of absence of fault. Waiver is denied and the clamant is responsible for repaying the overpayment.
>
> After careful consideration of the entire record, I make the following findings:
>
> 1. The claimant was not entitled to disability insurance benefits for the period of his incarceration on a felony conviction (20 C.F.R. 404.468).
>
> 2. The claimant was overpaid disability insurance benefits.
>
> 3. The claimant was not without fault in causing and accepting the overpayment.
>
> 4. Waiver is denied.

R. 24.

The record before the ALJ, including Plaintiff's own testimony, does not support any claim that Plaintiff was entitled to a waiver of the overpayment. The record shows that Plaintiff was incarcerated for a felony and he continued to received benefits and did not question the payments. It was Plaintiff's burden before the ALJ to demonstrate that he was entitled to the waiver and he did not meet this burden. This Court concludes that the ALJ's decision is supported by substantial evidence.

Accordingly, summary judgment should be granted in favor of Defendants and should be denied as to Plaintiff.

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's motion for summary judgment [Document # 13] be denied and Defendant's motion for summary judgment [Document # 17] be granted.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: November 14, 2005