**DPS-19**                                                                                          **October 20, 2005**

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **05-3827**

HARRY L. BIERLEY

v.

JOANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY

(W.D. Pa. Civ. No. 05-cv-00007)

Present: ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect; and

    (2)    Appellant's response thereto, which also contains a request for the appointment of counsel

in the above-captioned case.

                                         Respectfully,

                                         Clerk

MMW/JIB/as/clw

_____ORDER_____

The appeal is dismissed for lack of appellate jurisdiction because it is taken from an order that is not appealable at this time. Subject to limited exceptions, this Court has jurisdiction over appeals from final decisions of the District Court. <u>See</u> 28 U.S.C. § 1291. Final decisions are those that end the litigation on the merits, leaving nothing for the District Court to do but execute the judgment. <u>See</u> <u>Midland Asphalt Corp. v. United States</u>, 489 U.S. 794, 798 (1989). The order must end the litigation as to all claims and all parties in order to be final. <u>See</u> <u>Andrews v. United States</u>, 373 U.S. 334, 339 (1963).

HARRY L. BIERLEY

v.

JOANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY

    (W.D. Pa. Civ. No. 05-cv-00007)

C.A. No. 05-3827

Page Two


The July 27, 2005, order is not immediately appealable because it merely denied the Appellant's motion for a stay in the proceedings and his request that the District Court vacate its June 28, 2005, and July 12, 2005, orders. The Appellant's motion for summary judgment remains pending in the District Court, as does the summary judgment motion filed by Commissioner Barnhart. In addition, the July 27, 2005, order does not qualify as an appealable collateral order under this Court's narrow interpretation of the doctrine articulated in <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949). <u>See</u> <u>Martin v. Brown</u>, 63 F.3d 1252, 1258 (3d Cir. 1995); <u>see also</u> <u>Adapt of Philadelphia v. Philadelphia Hous. Auth.</u>, 417 F.3d 390, 395 (3d Cir. 2005); <u>Delta Traffic Serv., Inc. v. Occidental Chemical Corp.</u>, 846 F.2d 911 (3d Cir. 1988). Appellant's motion for the appointment of counsel is thus denied as moot.



A True Copy:

Marcia M. Waldron, Clerk

Dated: December 12, 2005
CLW/cc: Mr. Harry Bierley
       Ann Von Scheven, Esq.

By the Court,

/s/ Julio M. Fuentes
Circuit Judge