SOCIAL SECURITY ADMINISTRATION  
OFFICE OF HEARINGS AND APPEALS

Form Approved  
OMB No. 0960-0269

# REQUEST FOR HEARING BY ADMINISTRATIVE LAW JUDGE

*(Take or mail the **signed original** to your local Social Security office, the Veterans Affairs Regional Office in Manila or any U.S. Foreign Service post and keep a copy for your records)*

See Privacy Act Notice

| 1. CLAIMANT | 2. WAGE EARNER, IF DIFFERENT | 3. SOC. SEC. CLAIM NUMBER | 4. SPOUSE's CLAIM NUMBER |
|---|---|---|---|
| HARRY L. BIERLEY | SAME | 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 | NONE |

**5. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE.** I disagree with the determination made on my claim because:  
reasons on the attached handwritten paper.

Harry L. Bierley  
% L Kowalski  
3123 German St  
Erie, PA 16504

An Administrative Law Judge of the Office of Hearings and Appeals will be appointed to conduct the hearing or other proceedings in your case. You will receive notice of the time and place of a hearing at least 20 days before the date set for a hearing.

6. I have additional evidence to submit.    ☒ Yes    ☐ No

Name and address of source of additional evidence:  
RECORD MANAGEMENT SERVICES, 823 E. 8TH ST, ERIE, PA 16503 Ph 814 455 8218  
(Please submit it to the hearing office within 10 days. Your servicing Social Security Office will provide the address. Attach an additional sheet if you need more space.) I WILL NEED A JUDGES ORDER TO GET THE MEDICAL RECORDS

7. Check one of the blocks:  
☒ I wish to appear at a hearing.  
☐ I do not wish to appear at a hearing and I request that a decision be made based on the evidence in my case. (Complete Waiver Form HA-4608)

You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. (If you are represented and have not done so previously, complete and submit form SSA-1696 (Appointment of Representative).)

[You should complete No. 8 and your representative (if any) should complete No. 9. If you are represented and your representative is not available to complete this form, you should also print his or her name, address, etc. in No. 9.]

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.

| 8. (CLAIMANT'S SIGNATURE) Harry Bierley  (DATE) 2/6/06 | 9. (REPRESENTATIVE'S SIGNATURE/NAME)   (DATE) |
|---|---|
| ADDRESS C.O. L Kowalski, 3123 German St | (ADDRESS) ☐ ATTORNEY; ☐ NON ATTORNEY; |
| CITY Erie  STATE PA  ZIP CODE 16504-1073 | CITY   STATE   ZIP CODE |
| TELEPHONE NUMBER (814) 454 2550  FAX NUMBER ( ) - | TELEPHONE NUMBER ( ) -   FAX NUMBER ( ) - |

**TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION-ACKNOWLEDGMENT OF REQUEST FOR HEARING**

10. Request received for the Social Security Administration on _____ (Date) by: _____ (Print Name)

(Title)   (Address)   (Servicing FO Code)   (PC Code)

11. Was the request for hearing received within 65 days of the reconsidered determination?  ☐ YES  ☐ NO  
If no is checked, attach claimant's explanation for delay; and attach copy of appointment notice, letter, or other pertinent material or information in the Social Security office.

12. Claimant is represented    ☐ Yes  ☐ No  
☐ List of legal referral and service organizations provided

13. Interpreter needed    ☐ Yes  ☐ No  
Language (including sign language): _____

14. Check one:    ☐ Initial Entitlement Case  
☐ Disability Cessation Case  
☐ Other Postentitlement Case

15. Check all claim types that apply:  
☐ RSI only    (RSI)  
☐ Title II Disability-worker or child only    (DIWC)  
☐ Title II Disability-Widow(er) only    (DIWW)  
☐ SSI Aged only    (SSIA)  
☐ SSI Blind only    (SSIB)  
☐ SSI Disability only    (SSID)  
☐ SSI Aged/Title II    (SSAC)  
☐ SSI Blind/Title II    (SSBC)  
☐ SSI Disability/Title II    (SSDC)  
☐ HI Entitlement    (HIE)  
☐ Title VIII Only    (SVB)  
☐ Title VIII/Title XVI    (SVB/SSI)  
☐ Other - Specify: _____

16. HO COPY SENT TO: _____ HO on _____  
☐ CF Attached:  ☐ Title II;  ☐ Title XVI;  ☐ Title VIII; or  
☐ Title II CF held in FO to establish CAPS ORBIT; or  
☐ CF requested  ☐ Title II;  ☐ Title XVI  ☐ Title VIII  
(Copy of teletype or phone report attached)

17. CF COPY SENT TO: _____ HO on _____  
☐ CF Attached:  ☐ Title II;  ☐ Title XVI  
☐ Other Attached:

Form HA-501-U5 (5-2003) ef (10-2004)  
Destroy Prior Editions

TAKE OR SEND ORIGINAL TO SSA AND RETAIN A COPY FOR YOUR RECORDS

Harry L. Bierley   2/6/06   SS# 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

I am NOT at fault for causing the overpayment.

① I never made any untrue statements which I knew or should have known was incorrect. In fact, the original application for disability benefits emanated from a prison with a prison return address on it. I could not have disguised the fact that I was imprisoned at that time, because, I was forbidden to mail out anything without a prison envelope; or, in the least my prison number and the prison address on large pieces of mail.

② Likewise, the fact that I was imprisoned when I originally applied for disability means I did not and could not have failed to give you timely information as per one above.

③ I never accepted payments that I knew or could have been expected to know were incorrect, because, for every minute of my ignominious and illegal wrongful imprisonment at CP 3879O, I was painfully aware that the District Attorney and "trial judge" had knowingly used known perjury to get the conviction. At the "trial" NO ONE would allow me to see the medical records on Hubbler, and, no one would allow me to see those medical records before then, and, by using criminal misconducts of fraud, concealment of pertinent and relevant information, and, criminal obstruction of justice, they have totally blocked upon seeing those medical records.

I was not improper or wrong for me to accept the money and Soc Sec is my ONLY income, meaning I cannot afford to repay the money.   HLB

RECEIVED
MAY 11 2005
CLERK U.S. DISTRICT COURT
WEST DIST. OF PENNSYLVANIA

The United States District Court
Western District of Pennsylvania

Harry L. Bierley,  :
    Plaintiff  :
V  :    Civil Action No. 2005-07 Erie
Jo Anne B. Barnhart,  :
    Defendant  :

Motion/Request For Court Ordered
Production of Medical Records

    And now, on /1 May 2005, comes the pro se plaintiff before the Honorable Court to request a court order for the porduction of medical records to
        Mr. Mathew Pirrello, Co-owner
        Record Management Services
        823 East 9th Street
        Erie, PA  16503.

    Please compel him to produce Emergency Room Treatment records on James Hibbler pursuant to an alleged assault at aproximately 5:00 O'Clock P.M. on November 5, 1989. These records have been denied to me previously on many occassions, and, they are both pertinent and relevant to a fair and just adjudication of the above captioned matter.

    Mr. Mathew Pirrello has adamantly refused to give the records to me, as, he states that per state law and H.I.P.P.A., he cannot release them to anyone except a judge or licensed attorney. Wherefore, he will NOT release them to a pro se litigant for fear of violating the law.

    The medical records have been entrusted to Mr. Pirrello pursuant to the demise of the former Erie Metro Hospital formerly at 10th and Myrtle Streets.

    Therefore, Plaintiff Bierley does move the Honorable Court to issue the attached order for medical records to Mr. Pirrello.

                        It Is So Prayed.

c.o. L. Kowalski                                   Respectfully submitted,
3123 German Street
Erie, PA  16504-1073
Ph: 814 454 2550                               Harry L. Bierley, pro se

Certification of Service: A copy of this pleading was personally served at 823 East 9th St. and by first class U. S. Mail to: Esq Paul E. Skirtich, Ass't U.S. Att., 700 Grant St., Suite 400, Pitts., PA 15219

The United States District Court
Western District of Pennsylvania

Harry L. Bierley,  :
    Plaintiff  :
    V  :    Civil Action No. 2005-07 Erie
Jo Anne B. Barnhart  :
    Defendant  :

ORDER FOR MEDICAL RECORDS

And now to wit, on this ____ day of May 2005, it is hereby orderd, that, Mr. Mathew Pirrello, Co-Owner, Record Management Services at 823 East 8th Street, Erie, PA 16503, phone 814 455 8218, shall remit to this Court a complete copy of all medical records within five (5) working days, pursuant to Emergency Room treatment of James Hibbler at the former Erie Metro Hospital at 10th and Myrtle Streets, Erie, PA. These records must pertain to treatment of Mr. Hibbler's wounds in an alleged assault by Harry L. Bierley at 316 Poplar St. at aproximately 5:00 P.M. on November 5, 1989.

The records are needed for a prompt, fair, and just adjudication of the above captioned matter. Costs will be assessed against the plaintiff.

By Order of The Court.

                          Magistrate Judge
                          Susan Paradise-Baxter
                          United States District Court
                          Western District of PA

RECEIVED

JUN 16 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

The United States District Court
Western District of Pennsylvania

| | | |
|---|---|---|
| Harry L. Bierley, | : | Civil Action: 2005-07Erie |
| Plaintiff | : | |
| V | : | Judge Sean McLaughlin and Mag. |
| Jo Anne B. Barnhart, | : | Judge Susan Paradise-Baxter |
| Defendant | : | |

Appeal of Magistrate Judge Order
with
Motion For Criminal Contempt Citation

1. And now comes the pro se plaintiff, to bring this pleading before the Honorable Court to appeal the Magistrate Judge denial of medical records on May 20, 2005, and, the plaintiff moves the Honorable Court to issue a criminal contempt of court citation against Mr. Matthew Pirrello for adamant refusal to respond to a valid federal subpoena that he received on June 2, 2005.

2. On May 11, 2005, the plaintiff did present a request for court ordered medical records both pertinent and relevant to a fair and just adjudication of the instant action.

3. A copy of that pleading was personally served at 823 E. 8th Street to Mr. Pirrello as timely notice of my need for the medical records going beyond a telephone conversation with him two days earlier.

4. The Magistrate Judge denied the motion on May 20, 05 claiming I had to have Mr. Hibbler's permission. However, that is impossible to obtain, since, I do not know Mr. Hibbler's address, and, even were he retarded, it is certain he would NOT give permission to me to have those records.

5. Those medical records will prove that:  (4) corrections this page
                                             HLB  6/18/2005
   A. At my "trial" for CP 38 of 90, Mr. James Hibbler, Ms. Donna Hibbler (his mother), and Mr. Mike Fogel (his friend) did knowingly commit perjury to get me convicted of a felony done by Mr. Hibbler. Per testimony by them, Mr. Hibbler received only the single wound from the shovel I used to defend my self from a massive assault by Hibbler and 19 others, in that, those ~~rear~~ records will show that he received at least ten serious wounds from missles his conspirators thre at me. I had kept Mr. Hibbler between myself ~~anf~~ and the 2nd others du𝑟ing the first of three salvos of things tossed at me.   Threw
   B. At my "trial", Common Pleas Court "judge" Shad Connelly, District Attorney William R Cunningham, ADA Stephen Lagner and first counsel Barry Drew were aware of the perjury. They had planned the perjury in direct collusion with James Hibbler, Donna Hibbler, and Mike Fogle.
Therefore, Ms. Baxter's denial does violate the reasonable man doctrine. since, one cannot be compelled to witness against himself and/or voluntarily

(1)

produce evidence that he committed a felony of perjury in court.

6. Also, Ms. Baxter's denial violates my due process of law rights, esp., the right to compel production of evidence for the case at hand.

7. In CP 38 of 90, I was illegally incarcerated for four years with constant attempts put upon me to force me to take psychotropic drugs. By so doing, it was planned to discredit my claims of perjury, criminal collusion, and criminal conspiracy as rants and raves of a mentally sick person, but, I refused.

8. Near the end of the maximum sentence of four years, on August 4, 1994, an incident wherein I tried to refuse a TB test because I felt sick was distorted to make it appear that I had committed assault on a prison guard. Thereupon, I was beaten down to the floor and my hands and feet were bound tightly together behind my back. Then I was hog tied to a pole like an animal and carried to a small cement block room. There, while I lie helplessly on the floor with my hands a feet still bound tightly behind my back, I was pummeled furiously by eight (8) or more burley prison guards who jackbooted me nearly to death. I can still plainly remember the incident and seeing blood spurting from both my right and left temples.

9. Once I did manage to get released from prison, I freely and vociferously spoke about the criminality of Erie County Common Pleas Court Judges. I have suffered a long list of other 18 USC 241 and 18 USC 242 violations including the denial of social security payments that emanates directly from criminal acts done by Erie County "judiciary".

10. Since release from prison, "judge" Shad Connelly, "judge" Wm R. Cunningham (former D.A.), Ex D.A. Joseph Conti, and present D.A. Bradley Foulk have together conspired to keep me from ever obtaining those medical records.

11. They KNOW that with those medical records and "trial" transcripts, I can easily show the perjury, and,

12. with the caseprint and copy of the order showing medical records were ordered and received by the court, I can show a valid prima facie case of criminal conspiracy involving "judge" Connelly, "judge" Cunningham, exADA Lagner, and Esq. Barry Drew to get me convicted of a felony of aggravated assault that they knew I NEVER did.

Therefore, Bierley does move the Honorable Sean McLaughlin to reverse the MJ denial of May 20, 05, and compel Mr. Perrello to produce the medical records or be cited for <u>criminal contempt of court</u> for complicity to the criminal wrongs done by the aforementioned persons. He has refused to heed a lawful subpoena that he received on June 2, 2005.
It Is So Prayed.

Respectfully submitted,

c.o. L. Kowalski      Date: 6/16/05    Harry L. Bierley, in pro per
3123 German Street
Erie, PA 16504-1073

Certification of Service.
A copy of the above pleading was personally delivered to 823 E. 8th Street and mailed by First Class Mail to Esq. Paul E. Skirtich, Ass't U.S. Att., 700 Grant St., Suite 400, Pitts., PA 15219

(2)

The United States District Court
Western District of Pennsylvania

Harry L. Bierley,
    Plaintiff
  V                                  Civil Action No. 2005-07 Erie
Jo Anne B. Barnhart,
    Defendant

Motion/Request For Court Ordered
Production of Medical Records

    And now, on __11__ May 2005, comes the pro se plaintiff before the Honorable Court to request a court order for the porduction of medical records to
          Mr. Mathew Pirrello, Co-owner
          Record Management Services
          823 East 8th Street
          Erie, PA 16503.

    Please compel him to produce Emergency Room Treatment records on James Hibbler pursuant to an alleged assault at aproximately 5:00 O'Clock P.M. on November 5, 1989. These records have been denied to me previously on many occassions, and, they are both pertinent and relevant to a fair and just adjudication of the above captioned matter.

    Mr. Mathew Pirrello has adamantly refused to give the records to me, as, he states that per state law and H.I.P.P.A., he cannot release them to anyone except a judge or licensed attorney. Wherefore, he will NOT release them to a pro se litigant for fear of violating the law.

    The medical records have been entrusted to Mr. Pirrello pursuant to the demise of the former Erie Metro Hospital formerly at 10th and Myrtle Streets.

    Therefore, Plaintiff Bierley does move the Honorable Court to issue the attached order for medical records to Mr. Pirrello.

                              It Is So Prayed.

c.o. L. Kowalski                              Respectfully submitted,
3123 German Street
Erie, PA 16504-1073
Ph: 814 454 2550                                Harry L. Bierley, pro se

Certification of Service: A copy of this pleading was personally served at 823 East 9th St. and by first class U. S. Mail to: Esq Paul E. Skirtich, Ass't U.S. Att., 700 Grant St., Suite 400, Pitts., PA 15219

*Plaintiff's motion is denied as James Hibbler's consent has not been given.*

AND NOW, this __26th__ day of __May__, 20__05__,
IT IS SO ORDERED.

_Susan Paradise Baxter_
UNITED STATES MAGISTRATE JUDGE

## Issued by the
## UNITED STATES DISTRICT COURT

Western _____ DISTRICT OF _____ Pennsylvania

Harry L. Bierley, Plaintiff
**V.**
Jo Anne B. Barnhart, Defendant

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 2005-07 Erie

TO: Mr. Mathew Pirrello, Co-owner
Record Management Services
823 E. 9th St., Erie, PA 16503

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Related to CP 38 of 90, Com V Bierley, Erie Co., PA, please remit copies of medical records on Harry Bierley and James Hibbler for emergency room treatment on 11/5/89 at aprox. 5:00 P.M. at Erie Metro Hosp., 252 West 11th St., Erie, PA.

| PLACE Clerk, U.S.D.C., 17 South Park Row, Erie, PA 16501 Paul E. Skirtich, Ass't U.S. Att., 700 Grant St., Rm 400, Pittsburgh, PA 15219 | DATE AND TIME Within five working days. |
| --- | --- |

Harry L. Bierley, 3123 German St, Erie, PA 16504-1073

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE May 31, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Harry L. Bierley, pro se, 3123 German St., Erie, PA 16504-1073   (814) 454 2550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

| | PROOF OF SERVICE | |
|---|---|---|
| DATE 6-2-05 | PLACE | 823 E 8(?) |

SERVED: MATHEW PINKELLO
SERVED ON (PRINT NAME)
MANNER OF SERVICE: Personal

SERVED BY (PRINT NAME): STEVE OLOWINSKI
TITLE: Constable

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6-2-05
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: 2615 Penn Ave
Erie, PA 16503

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The United States District Court
Western District of Pennsylvania

| | | |
|---|---|---|
| Harry L. Bierley, | : | Civil Action: 2005-07 E |
| Plaintiff | : | |
| V | : | Judge Sean McLaughlin and Mag. |
| Jo Anne B. Barnhardt, | : | Judge Susan Paradise-Baxter |
| Defendant | : | |

Request For Judicial Notice

And now comes the pro se plaintiff to respectfully request that the Honorable Court take notice of the following facts concerning the subpoena attached to the 6/16/2005 pleading:

Plaintiff misspelled Mathew on the front, and, plaintiff errored by puting E. 9th St., instead of E. 8th Street in the address, however, when Constable Steve Olowinski filled out the declaration on backside, he corrected both errors.

also,

Attached is an exact two page copy of the pleading with corrections, as, unfortunately, plaintiff experienced several severe flashbacks, while he was preparing the pleading. Also, he has nerve problems in arms due to a missing disc in the neck and some measure of dyslexia. Plaintiff was unpleasantly surprised upon rereading the pleading a day later to find many typographical errors.

Please instruct the clerk to attach a copy of the corrected pleading to the original copy thereof.

c.o. L. Kowalski
3123 German St.
Erie, PA 16504-1073
Ph: 1 814 454 2550

Date: 6/18/05

Respectfully submitted,
Harry L. Bierley, in pro per

A copy of this pleading was mailed by First Class U. S. Mail to Mr. Matthew Pirrello, 823 E. 8th St., Erie, PA 16503 and Esq. Paul E. Skirtich, Ass't U. S. Attorney, 700 Grant St., Suite 400, Pittsburgh, PA 15219.

RECEIVED

JUL 22 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| Harry L. Bierley, | : | |
| Plaintiff | : | Civil Action No.  05-07E |
| V | : | |
| Jo Anne B. Barnhart, | : | Judge Sean McLaughlin |
| Commissioner of Social Security | : | |
| Defendant | : | |

Motion to Stay Finality of Judgment,
and/or
Motion For Relief From Judgment

1.  And now, on July 12, 2005, comes the pro se plaintiff before the Honorable Court to present the above captioned pleadings vie the erroneous order dated July 12, 2005 that denied reconsideration for obtaining medical records.

2.  A serious miscarriage of justice with egrecious denial of both procedural and substantial due process of law ocurred in the instantly relevant "conviction" at CP 38 of 90, Erie, Co., PA, Com V Bierley, and, said illicitness of that conviction is the gravaman of plaintiff's complaint against Ms. Barnhart.

3.  The medical records are needed to prove that the State's three principal witnesses knowingly committed perjury to get said "conviction". They include James Hibbler himself, and, so, it is lurid for the court to suggest that I must obtain Mr. Hibbler's permission to get those medical records.

4.  Apparently in observance of federal doctrines of abstention, comity, and federalism, this Court is wrongfully denying me the needed medical records with a highly contestable claim that they are NOT relevant to adjudication.

5.  Plaintiff MUST have those records, however, with a sole income of 1100 dollars per month from disability, he CANNOT afford to pay the $255.00 appeal fee. Present debts owed are $22,000 and mounting rapidly. Also, the likely denial of those records by the Third Circuit Court will necessitate a $500.00 Application for Writ of Certiorari in the United States Supreme Court.

6.  Therefore, plaintiff moves the Honorable Court to stay finality on the 7/12/2005 order to allow him time to apply for a writ of error in PA Supreme Court and a likely appeal to the U. S. Supreme Court

7.  Alternatively, the plaintiff does move the Honorable court to vacate the judgment of 7/12/2005 along with the two prior orders denying medical records.
It Is So Prayed.
   c.o.  L. Kowalski
        3123 German St., Erie, PA 16504
Copy to U. S. Attorney in ERie Federal
Courthouse by personal service.

Respectfully submitted,
Harry L. Bierley, pro se/in pro per

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY L. BIERLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 05-07 Erie |

### ORDER

AND NOW, this 12th day of July, 2005, and upon consideration of the Plaintiff, Harry L. Bierley's Motion for Reconsideration [Doc. No. 19], it is hereby ORDERED that the Motion is DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm:   All counsel of record. ___

1



IN THE UNITED STATES DISTRICT COURT
For The Western District of Pennsylvania

Harry L. Bierley,           :
    Plaintiff         :
    V                 :   Civil Action No. 05-007E
Jo Anne B. Barnhart,        :
Commissioner of Social Security:   Judge Sean McLaughlin
    Defendant         :   Mag Judge Susan Paradise Baxter

Motion For Reconsideration

1. And now comes the pro se plaintiff, Harry L. Bierley, before the Honorable Court to request reconsideration of the order dated June 27, 2005 that denied me the requested and required medical records on James Hibbler. The Court has committed grave plain error by allowing me to be victimized by criminal fraud, criminal misconduct of Erie County Officials, and criminal violations of my civil rights per 18 U.S.C. 241 and 242 compounded by criminal complicity by the Social Security Commission.

2. Those medical records are needed for me to disprove claims by the Social Security Commission, that, I knowingly did wrong by accepting payments for a period of time that I was legally incarcerated. That is an untrue claim, as, at NO TIME during the illegal prosecution (persecution), sham trial, and illegal incarceration on CP 38 of 90, Erie Co., PA, Com V Bierley, did I ever believe that the prosecution or conviction were legal in any manner. I knew from the first minute of the first day that I was being railroaded to silence my vociferous condemnations of Erie County judicial misconduct.

3. Per Hazel-Atlas Glass Co., V Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), When fraud of any sort is involved in a judgment, it is NEVER final until that fraud is illuminated, and, it is decided that the fraud was not in any way responsible for a negatory outcome. Likewise then, if I am fraudulently denied the medical records needed to prove that I did NO WRONG in accepting the instantly relevant social security payments, the judgment will be invalid and open to collateral attack ad infinitum.

4. In the instantly relevant CP 38 of 90, Erie Co., PA criminal "conviction", per Brady V MD, 373 U.S. 83, 87, I was wrongfully denied extremely exculpable medical records that I asked for from day one but NEVER saw. I could have disproved testimony by ALL THREE primary Commonwealth witnesses who committed perjury with full awareness and full approval of the "court", DA, ADA, and others. Instead of only the one injury from the shovel I used after the first of three vollies of missiles were hurled at me, I could have proved there were several different kinds of lacerations that numbered ten or more.
    The illogical alternative to those injuries being made by many different missles that were meant for me would be to assume that I beat Hibbler three or four times with one instrument, put it down and picked up another instrument

(1)

that I used to beat Hibbler three or four times, then put that one down and picked up a third instrument to beat him three or four more times.

At the sham trial, a hypocritical effort was made to make me appear to be severely psychiatrically ill due to a physical characteristic of my voice box. I have an omega eppiglottis which causes a syndrom called Singer's Formant. That means, when I am excited in any manner, my voice automatically and involuntarily switches to a high volume and high carry capacity. Per the attached pages, the Court can see that I was recently diagnosed again with the omega eppiglottis. Other pages explain incidence of omega eppiglottis and singer's ~~fromant~~. FORMANT  2/8/06

5. The "conviction" was possible ONLY because of deprivation of those medical records prior to "trial" and denial to my new counsel at "trial" of them.  MY 2/8/06

6. ~~Mt~~ rights per the Confrontational Clause of the U. S. Constitution were grievously violated, because, without the medical records, My attorney was not able to address many questions I wanted answers to from state witnesses. With them, I could have convinced the jury that I was the victim and NOT the perpetrator of the attack. One juror, Robert Allen immediately recanted and wrote a letter to "judge" Connelly and Counsel Jack Grayer. Mr. Grayer entered that letter into the record, but later, like the medical records, the letter disappeared from the caseprint file.

7. I assert under penalty of perjury, that, if this Court and the Social Security Admin follow through with the pretension that those medical records are NOT needed for a justiciable review of the instant matter, ALL PARTIES, i.e., MJ Baxter, J McLaughlin, Social Security Commissioner Barnhart, ADA Paul Skirtich and the U. S. Attorney General will be guilty of violating 18 U.S.C. 241 and 242 by concealment of, complicity to, and compounding of crimes of kidnapping, false imprisonment, severe oppression, perjury, and much more.

8. The answer by Ms Barnhart and Esq. Skirtich clearly implies that I was legally incarcerated and I knew I was legally incarcerated on CP 38 of 90. However, neither averement is even remotely truthful.

9. With the medical records from James Hibbler, I can prove that their averements are untrue. For this reason, those medical records are inextricably intertwined with my claims and their claims against me. Therefore, those records MUST be made available to me.

10. <u>Everyone</u> who is aware of a crime, especially one as serious as kidnapping, no matter how the crime was done and no matter how he/she became aware of the crime, is responsible AND dutybound to aid prosecution for that crime. They are guilty of criminal complicity if they fail to report the crime and aid the prosecution thereof.

11. Perhaps the facts in ten above are new to the persons named in number seven above. If that is so, they are all criminally incompetent and they should instantly remove themselves from public office.

12. Perhaps my dictionary is a little strange, but, my Random House Dictionary gives me the unmistakeable impression that Social Security Administrators, U. S. Attornies, ALJs, MJs, and U. S. District Court Judges are included in the word e-v-e-r-y-b-o-d-y. Please correct me if I am wrong folks.

(2)

13. And now I refer the readers to attached caselaw Nilson V Layton City, 45 F3d 369 (10th Cir 1995) which appears to cover every aspect of abuse of privacy and applicable law. It clearly defines the unavoidable impression that right to privacy laws are being wrongfully used to harm me.

14. I am NOT asking for generalized information nor am I requesting information on the serious mental infirmities that I know Mr. Hibbler posseses. My request is limited to medical records evolving from a **confrontation between** him and me on my property, at aproximately 5:00 P.M., November 5, 1989.

15. HN 1 assigns the right of privacy to be a question of federal law. However, I am being denied evidence that will prove that Hibbler invaded my privacy rights on my own property on Nov. 5, 1989.

16. HN 4 intones that the party on whose behalf privacy right is asserted must have a legitimate expectation of that right. The entire incident ocurred on MY PROPERTY. Those records were part of a public document per caseprint and record on CP 38 of 90 and that removes all expectations of privacy thereto. The fact that those medical records have been removed from the record and kept hidden by three successive Erie Co., PA DAs does NOT alter that status. They were removed to prevent me from prosecution "judge" Shad Connelly, then DA Wm R. Cunningham and the ADA for 18 U.S.C. 241 and 242 violations.

17. HN4 intones that the invasion of privacy must serve a compelling state interest. There is a compelling interest for the citizens of Pennsylvania and Erie County to know that "judge" Shad Connelly and "judge" Wm R. Cunningham (formerly the DA) are guilty of serious criminal wrongdoing.

18. HN4 intones that the disclosure be done in a least intrusive manner. I am requesting ONLY the medical records emanating from a massive assault against me on my own property at aprox. 5:00 P.M., November 5, 1989.

19. HN6 intones that information readily available to the public is NOT protected by privacy rights. Those medical records were used to illegally prosecute me and forceably convict me of a felony by use of perjury. They were part of the public record on CP 38 of 90 until someone criminally altered the records by removal of them from the record. Both the public and myself have the right to see them. Illegal removal from the record does NOT change their public status.

20. Therefore per HN7 the governments disclosure of the requested medical records will NOT implicate the privacy rights of Mr. Hibbler. Denial of those records implicate my rights per the confrontation clause of our constitution. and, it implicates the publics right to be informed of criminals in public office like Shad Connelly and Wm R. Cunningham.

21. HN9 clearly states that "Criminal activity is not protected by the right to privacy." Therefore, my use of those records to prove that Mr. Hibbler, Ms. Hibbler, Mr. Fogel, and others committed perjury with full and known acquiescense of the DA, ADA, and "Court" is not a protection that this Honorable Court should extend to Mr. James Hibbler.

22. HN14 intones that my due process rights that are being violated by the

deprivation of those medical records on James Hibbler are fundamental constitutional rights.  Therefore, they are NOT amenable to federal doctrines of abstention, comity, and federalism.

23. HN17 is a reitteration of HNs 4, 6, 7, 9, and 14 mentioned above.

24. Per caselaw <u>Bank of Nova Scotia V U.S.</u>, HN3, Fed Crts3, Even sensible and efficient use of supervisory power by federal courts is invalid if it conflicts with constitutional or statutory provisions

25. Therefore, the plaintiff has shown the Honorable Court that it should NOT deprive me of the medical records needed to prove the illegality of the incarceration and the perjury used to gain the "conviction" at CP 38 of 90.

26. Wherefore, plaintiff Harry L. Bierley, does move the Honorable Court to reverse the denial of medical records on 6/27/05 and recant the statement: ..."such medical records are irrelevant to the disposition of this case." It Is So Prayed.

Respectfully submitted,

C.O.  L. Kowalski
3123 German Street
Erie, PA  16504-1073       Harry L. Bierley, pro se/in pro per
Ph: 1 814 454 2550

### Certificate of Service

On this date, 8 July 2005, I did personally serve a copy of the above Motion For Reconsideration upon the U. S. Attorney office in the Federal Courthouse in Erie, PA.