NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5486
_____

HARRY L. BIERLEY,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00007E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
July 21, 2006

BEFORE: BARRY, CHAGARES and COWEN, CIRCUIT JUDGES

(Filed: July 24, 2006 )

_____

OPINION
_____

PER CURIAM

  Harry L. Bierley appeals pro se an order of the United States District Court for the Western District of Pennsylvania. We will affirm.

I.

In July 1990, Bierley was convicted in the Court of Common Pleas of Erie County, Pennsylvania, of aggravated assault for attempting to cause or intentionally or knowingly causing bodily injury with a deadly weapon. See 18 Pa.C.S.A. § 2702(a)(4). This offense is graded as a felony of the second degree. See 18 Pa.C.S.A. § 2702(b). Bierley was ultimately sentenced to a term of eight to forty-eight months of imprisonment, which he began serving on August 27, 1990.

Shortly after completing his sentence in August 1994, Bierley filed an application for disability insurance benefits. In September 1996, an Administrative Law Judge ("ALJ") determined that Bierley was disabled and that he was entitled to benefits as of August 1993. Disability payments began in October 1996, and, in March 1997, the Social Security Administration ("SSA") released past due benefits, including benefits for the period during which Bierley was incarcerated for the aggravated assault conviction. Because, however, benefits could not be paid for any month during any part of which a beneficiary is incarcerated for a felony conviction, 42 U.S.C. § 402(x) (1993), the SSA notified Bierley that he had been overpaid for the period of August 1993 to August 1994.

Alleging that his incarceration was illegal, Bierley requested that recovery of the overpayment be waived. After unsuccessfully pursuing his claim before the SSA, Bierley requested a hearing before an ALJ. In December 2003, the ALJ denied Bierley's request for a waiver, finding that he had not demonstrated that his conviction had been overturned

2

and that he was at fault for keeping the entire amount of past due benefits. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Bierley's request for review.

In January 2005, Bierley filed a pro se civil action in the United States District Court for the Western District of Pennsylvania, seeking judicial review of the Commissioner's decision. Bierley, citing various constitutional amendments, also alleged that the Commissioner used improper criteria to determine whether he was entitled to benefits. The Commissioner sought affirmance of the decision below, and moved to dismiss Bierley's perceived constitutional claim on the basis of sovereign immunity and respondeat superior. On November 14, 2005, the District Court adopted the Reports of a Magistrate Judge, and granted the Commissioner's motions. Bierley appealed.

## II.

We have appellate jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. With respect to Bierley's claim for Social Security benefits, our role is identical to that of the District Court. We review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.[1] See Burns v. Barnhart, 312 F.3d 113,

---

[1] Generally, we would exercise plenary review over the order granting the Commissioner's motion to dismiss the perceived constitutional claim on the basis of sovereign immunity and respondeat superior. See MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F. 3d 491, 503 (3d Cir. 2001); Nami v. Fauver, 82 F.3d 63 (3d Cir.
(continued...)

3

118 (3d Cir. 2002); Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), citing Pierce v. Underwood, 487 U.S. 552 (1988).

### III.

At the time of Bierley's incarceration, the Social Security Act provided, subject to an exception not applicable here, that "no monthly [disability] benefits shall be paid . . . to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law."  42 U.S.C. § 402(x)(1) (1993); see also Artz v. Barnhart, 330 F.3d 170, 171 (3d Cir. 2003).  As noted above, Bierley was imprisoned from August 1990 to August 1994 pursuant to a conviction for aggravated assault, a second degree felony.  See 18 Pa.C.S.A. §§ 2702(a)(4); 2702(b).  It is clear,

---

[1](...continued)
1996).  The substance of this claim is that the ALJ's "review was not predicated on proper criteria relating to whether or not the claimant was qualified for Social Security benefits during the time period for which overpayment is claimed."  The Magistrate Judge treated this allegation separately from Bierley's claim for disability benefits.  Because, however, Bierley's argument concerns the legal standards used in determining whether he was entitled to benefits, we conclude that the claim is more properly construed as a request for judicial review of a decision of the Commissioner under § 405(g).  As such, it is evaluated under the substantial evidence standard.  With respect to the merits of Bierley's claim, we hold that there is substantial evidence that the ALJ applied the correct statutes and regulations in evaluating Bierley's request for a wavier of the overpayment.

therefore, that Bierley was overpaid from August 1993, the date he became eligible for benefits, to August 1994, when his sentence for the aggravated assault felony conviction expired.[2]

The Social Security Act mandates repayment of overpayments except where an individual "is without fault" and "such adjustment or recovery would defeat the purpose of [Title II of the Social Security Act] or would be against equity and good conscience." 42 U.S.C. § 404(b); see also 20 C.F.R. § 404.506. The ALJ found that Bierley was not without fault because he knew that he should not have received benefits for his period of incarceration. See 20 C.F.R. § 404.507(c) (providing that a claimant is at fault in receiving overpayments when the incorrect payment results from, inter alia, failure to return a payment which the individual knew or could have been expected to know was incorrect). Substantial evidence supports this conclusion.

The evidence indicates that Bierley knew that the SSA improperly paid benefits for the period that he was incarcerated. According to the ALJ who denied Bierley's request for a waiver, the SSA notified Bierley that no payment would be made for the period he was incarcerated. To this end, Bierley informed the ALJ who initially determined that he was disabled that he had been incarcerated from August 1990 to December 1994.

---

[2] It appears that upon expiration of the sentence for the aggravated assault conviction in August 1994, Bierley remained incarcerated until December 1994 for other offenses. The Commissioner did not allege that Bierley was overpaid from August 1994 to December 1994.

Presumably aware of the importance of those dates to his benefits calculation, Bierley later corrected the dates, advising that ALJ that his period of incarceration for the aggravated assault conviction ended in August 1995, rather than December 1994.  We acknowledge that the SSA was aware of Bierley's incarceration at the time it released past due benefits.  Indeed, the Commissioner concedes that the overpayment was caused by an "administrative error."  However, "[a]lthough the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . from liability for repayment if such individual is not without fault."  8 C.F.R. § 404.507.

     Bierley claims that at the time of the overpayment he believed that he was entitled to all the past due benefits because his conviction was illegal.  This argument is completely without merit.  Even assuming that reversal of a conviction would entitle a claimant to benefits for the period of his incarceration, an issue that we do not decide in this case, Bierley's claim would fail because he did not demonstrate that his aggravated assault conviction has in any way been set aside.  Rather, Bierley requested that the ALJ issue a subpoena for his victim's medical records, which he claims would demonstrate that his conviction was obtained with the use of perjured testimony.  The ALJ properly denied Bierley's request, stating that "issues of criminal liability are outside the ambit of the Social Security Act and are expressly committed to State jurisdiction."  Cf. 20 C.F.R. § 404.946 ("The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in

your favor.").

## IV.

In conclusion, we find that the ALJ's conclusions are supported by "substantial evidence" and that the ALJ applied the correct statutes and regulations in evaluating Bierley's request for a waiver. Accordingly, for the reasons stated, Bierley was not entitled to a waiver of the overpayment, and we will affirm the judgment of the District Court.